IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                          CASE NO. 5:18-CR-50015-001

GARY SMITH                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant Gary Smith's Amended Ex Parte Supplemental Motion for Assistance of Mental Health Professional[1] and Brief in Support (Doc. 27). On October 11, 2018, the Court referred the Motion (Doc. 29) to Magistrate Judge Erin Wiedemann. She set a hearing on the motion for October 17, 2018. Following the hearing, Magistrate Judge Wiedemann issued a Report and Recommendation ("R&R"), recommending that Mr. Smith's Motion be denied. See Doc. 36. Mr. Smith filed his objections to the R&R on November 30, 2018. (Doc. 44). Having considered the R&R and the objections thereto, the Court now **ADOPTS** the R&R and **DENIES** the Motion for Assistance of Mental Health Professional.

## I. BACKGROUND

On March 6, 2018, a single-count indictment was filed charging that the Defendant, from at least as early as September 1, 2016, through on or about January 23, 2018, conspired to distribute a mixture or substance containing methamphetamine. (Doc. 1). The Defendant appeared with counsel on July 18, 2018 before the undersigned for a

---

[1] This motion is the third such motion that Defense counsel filed on behalf of the Defendant in this case. On September 26, 2018, Defense counsel filed a Motion for a Psychiatric Exam (Doc. 24). This was followed by a Motion to Appoint Expert (Doc. 25) filed on October 10, 2018. In the current motion, Defense counsel stated that she would like to withdraw these two prior motions and proceed only on the third motion for appointment of a mental health professional.

1

change of plea hearing, at which time he entered a guilty plea to the charge. Following the entry of the guilty plea, the case entered the pre-sentence investigation phase, and an initial pre-sentence investigation report (PSR) was filed on September 11, 2018. On the same date that Defense counsel filed her objections to the PSR, she filed the first motion for a psychiatric exam (Doc. 24). Over the next two weeks, Defense counsel's request evolved from asking for a psychiatric exam to determine whether her client was competent[2] to instead requesting funding for the appointment of a mental health professional who could conduct a study of the Defendant's intelligence and other mental health issues and submit a report to help the Court evaluate an appropriate sentence in light of the factors listed at 18 U.S.C. § 3553(a). She also asserts that this expert's report is needed for her to argue at sentencing that the Defendant qualifies for a downward departure for diminished capacity pursuant to U.S.S.G. § 5K2.13.

## II. DISCUSSION

When a defendant makes specific objections to portions of a magistrate judge's report and recommendation, the district court must review the contested findings or recommendations *de novo*. See 28 U.S.C. § 636(b)(1). The court may then "accept,

---

[2] At numerous times during these proceedings, Defense counsel has vacillated on her views of her client's competency. Thus, both the undersigned and Magistrate Judge Wiedemann ensured, both formally on the record during the change of plea hearing and the hearing before Judge Wiedemann on the present Motion, and informally during in-chambers discussions, that Defense counsel had no good-faith basis to believe that her client was not competent when he entered his plea of guilty and, accordingly, that there was no reason to request a competency evaluation. Given the representations by counsel, including her statement in the response to the R&R that she has no objection to Magistrate Judge Wiedemann's finding that there is no basis for ordering a competency evaluation (Doc. 44, p. 1) *and* the undersigned's observations of the Defendant's behavior during the lengthy colloquy with the defendant during the change of plea hearing, the Court finds no evidence that would raise a reasonable doubt about the defendant's competency. *Speedy v. Wyrick*, 702 F.2d 723, 725 (8th Cir. 1983).

2

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Although Defense counsel advances various reasons for why the Court should decline to adopt the R&R, the overall objection she lodges to the R&R is to its conclusion that Defendant was not entitled to the assistance of a mental health professional to help prepare for sentencing. Both Defense counsel and Magistrate Judge Wiedemann focused their legal analysis on *Ake v. Oklahoma*, which held that a capital defendant who makes a preliminary showing that his mental condition would be a significant factor—either to his trial or at sentencing—is entitled to the assistance of a psychiatrist to help assist and prepare during the sentencing phase and that deprivation of that assistance violates his due process rights. 470 U.S. 68, 87 (1995).[3] Of course, such an entitlement is not absolute. Indeed, the Supreme Court indicated that because of the competing interests that must be considered, "[t]he variable on which we must focus is, therefore, the probable value that the assistance of a psychiatrist will have in this area, and the risk attendant on its absence." *Id.* at 84.

Using that framework, Magistrate Judge Wiedemann concluded that Defendant had not demonstrated that the assistance of a mental health expert in this case would have any probable value in helping Defense counsel argue the 3553(a) factors or for a

---

[3] There are compelling reasons to doubt whether the force of this holding—or the framework it established to evaluate these type of requests—applies in the present case. First, *Ake* involved a capital defendant who requested assistance both in establishing his qualification for the insanity defense as well as at sentencing to rebut the State of Oklahoma's attempt to use his mental condition to suggest that he would be dangerous in the future (one of the 'aggravating' factors recognized under Oklahoma law that a jury could use in determining whether a capital sentence was justified). None of those factors are present here. Nevertheless, given the adoption of this framework by other courts considering similar requests, the Court will use this framework as well.

3

downward departure under U.S.S.G. § 5K2.13. Central to her findings were that the PSR in this case already documented the Defendant's extensive drug and alcohol abuse, history of abuse at the hands of his father, and mental impairment. See Doc. 36, pp. 6-7. Moreover, she noted that the arguments Defense counsel desired to make about these factors were items that could be brought out in Defendant's sentencing memorandum, through the Defendant's allocution, and in Defense counsel's argument to the Court before the sentence is imposed. Defense counsel faults the Magistrate Judge for not documenting in the R&R all facets of the Defendant's mental and physical impairments and for apparently ignoring the fact that some of the records that would verify the Defendant's intelligence levels are no longer available and, therefore, that there is no documentation as to the Defendant's mental health or intelligence levels.

These additional facts do little to persuade the Court that the Magistrate Judge erred in determining that funding for a mental health expert who could conduct intelligence testing would not have probable value in helping the Court evaluate the 3553(a) factors. Defense counsel in cases before the undersigned routinely argue that their clients have a history of physical and sexual abuse, poor upbringings, diminished intelligence levels, or a history of drug and alcohol abuse that are relevant in considering the 3553(a) factors, even if they lack specific documentation to prove those assertions. And, this Court *always* considers those arguments carefully when deciding upon an appropriate sentence. This case will be no different. The Court therefore finds that the assistance of a mental health expert would have no probable value in aiding Defense counsel's arguments under 18 U.S.C. § 3553(a) and that there is little risk that would flow from Defense counsel having to make arguments at sentencing concerning the Defendant without such assistance.

*Ake*, 470 U.S. at 84. This also comports with the way that other courts have addressed similar requests for funding at the sentencing phase. *See, e.g., United States v. Mastera*, 435 F.3d 56, 62-63 (1st Cir. 2006) (affirming a district court's denial of funds for a psychological examination notwithstanding the fact that defendant had a history of alcohol abuse, mental health problems, and had endured early childhood abuse).

The question of whether such assistance would more effectively help Defense counsel argue for a departure for diminished capacity under U.S.S.G. § 5K2.13 appears initially to be a much closer question. Unlike arguments for a variance made pursuant to the 3553(a) factors, an argument for a downward departure could substantially alter the Defendant's formal guideline range of imprisonment, a crucial factor in determining an appropriate sentence. Nevertheless, the Court concludes that the Magistrate Judge did not err in concluding that the Defendant has not made the requisite showing that the assistance of a mental health professional to help her argue for a downward departure for diminished capacity is warranted.

Pursuant to U.S.S.G. § 5K2.13, a downward departure on the basis of diminished capacity may be warranted where "(1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." In this case, even if the mental health expert's report helped establish both of these conditions, Defendant might still be ineligible for the departure. That is because the Guidelines specifically forbid the Court from departing below the guideline range for diminished capacity if "(1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants." *Id.* Courts interpreting this provision of the guidelines have

5

concluded that a Defendant is not eligible for a departure under this section even if the reduced mental capacity was only *partly* caused by drug and alcohol dependence. *See, e.g., United States v. Borrayo*, 898 F.2d 91, 94, 95 (9th Cir. 1989).

There are good reasons from the record before the Court to conclude that such is the case here. First, the un-objected-to facts in the PSR establish that the Defendant had a history of drug and alcohol abuse. He stated that he began to drink daily beginning at age 18, referring to himself as a functioning alcoholic who would drink whiskey every day until the point of "blacking out." (Doc. 33, ¶ 77). He also indicated that he smoked and/or snorted methamphetamine daily beginning approximately two years before his arrest and continuing until the day of his arrest. (Doc. 5, p. 2; Doc. 33, ¶ 81). He "also attended substance abuse treatment on three occasions, and in 2012, was diagnosed with polysubstance dependence and substance-induced psychosis." (Doc. 36, pp. 6-7). In fact, he testified during the hearing on the present motion that he had "brain poisoning" from his extensive history of drug and alcohol abuse. *Id.* at p. 6.

Given these facts, the Court presently sees little that would compel the conclusion that the Defendant would even be eligible for the departure—even if the requested expert could testify about whether the Defendant had the requisite substantially reduced mental capacity.[4] As such, Defense counsel has not established that his assistance would have

---

[4] It is important to note that the Court is not making a finding at this time that the Defendant is ineligible for a departure based on diminished capacity. Should there be a good-faith basis for arguing that the Defendant's diminished mental capacity was *not* caused, even in part, by the Defendant's drug use, or that the authority relied on by the Court is somehow distinguishable, Defense counsel is free at sentencing to argue for its application. The Court comments here on the Defendant's substantial history of drug use *only* because it is relevant to whether Defense counsel has shown that the assistance of a mental health expert would help her argue for the application of this departure. In other words, if her client would be ineligible for the departure regardless of the expert's

6

probable value in rendering her client eligible for a departure based on diminished capacity.

### III. CONCLUSION

For the foregoing reasons, Defendant's objections to the R&R are **OVERRULED**.[5]

**IT IS THEREFORE ORDERED** that Magistrate Judge Wiedemann's R&R (Doc. 36) is **ADOPTED** and Defendant's Motion for Assistance of Mental Health Professional (Doc. 27) is **DENIED**.

**IT IS SO ORDERED** on this 4th day of January, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

testimony, then there is no "probable value" that the testimony of this expert would help the Defendant convince the Court that the departure is warranted.

[5] Defense counsel also makes a passing claim that denial of the assistance of a mental health professional would deny her client the right to a fair trial. The Court is somewhat confused by this objection to the R&R (to the extent that it is one), as Defense counsel attended the change of plea hearing on behalf of her client and listened as her client confirmed on the record his understanding that entry of a guilty plea in his case waives his right to a trial.