IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES                                                                PLAINTIFF

V.                          CASE NO. 5:18-CR-50015

GARY SMITH                                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court is attorney Mosemarie Boyd's Motion for Recusal of Judge from Review of CJA Form 20 (Doc. 91) and Amended Motion for Recusal and Motion to Seal (Doc. 92). For the reasons given below, Ms. Boyd's original Motion (Doc. 91) is **MOOT** due to the filing of her Amended Motion, and the Amended Motion (Doc. 92) is **DENIED**.

### I.    BACKGROUND

On March 6, 2018, Defendant Gary Smith was charged in a one-count single-defendant indictment with conspiring to distribute methamphetamine. (Doc. 1). Ms. Boyd was then a member of this Court's CJA attorney panel, and on March 15, 2018, she was appointed to represent Mr. Smith. (Doc. 10). Four months later, on July 18, 2018, Mr. Smith pleaded guilty. (Doc. 17). Mr. Smith was held accountable for conspiring to distribute more than 500 grams of methamphetamine. His Total Offense Level was 27, and he was placed in Criminal History Category II, resulting in a Guideline range of 78 to 97 months. (Doc. 33). On May 9, 2019, the Court varied downward and sentenced Mr. Smith to 60 months imprisonment. An appeal was not pursued.

On June 24, 2019, Ms. Boyd submitted a CJA voucher for attorney fee compensation in the sum of $30,286.40 and expense reimbursements totaling $1,807.21.

1

Ms. Boyd initially waived excess fee compensation, but in doing so she said, "[I]f the reviewing Court finds that the merits of counsel's work justify additional compensation for work on a complex and extended case, then counsel withdraws waiver of fees above the standard case maximum." She also requested that the Court "consider whether recusal would be appropriate with regard to review of this request for compensation and recuse if deemed appropriate."

More recently, Ms. Boyd explicitly withdrew her waiver of excess fee compensation and requested compensation in the full amount itemized on the voucher. At the same time, she filed her original motion for recusal, which she amended a few days later. To be clear, the docket in Mr. Smith's case has been closed since May 2019, and Ms. Boyd is not seeking recusal on Mr. Smith's behalf. Rather, her concern is that the undersigned judge is not capable of considering her voucher in a fair and impartial manner, and/or that it would constitute an appearance of impropriety for the undersigned to do so.

Although typically orders will refer to "the Court" or "this Court," this particular Order will make extensive use of the first-person, because the relief being sought by the instant Motion pertains to the specific person occupying the bench, rather than to the venue, forum, or court. *See, e.g.*, *S.W. Bell Tel. Co. v. F.C.C.*, 153 F.3d 520 (8th Cir. 1998) (Hansen, J., employing the first-person when explaining why he will not be recusing from a case).

## II.   LEGAL STANDARD

28 U.S.C. § 455(a) states, in its entirety, that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his

2

impartiality might reasonably be questioned."[1] "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992). The decision whether to recuse is committed to a district court's "sound discretion," but "[r]ecusal is required when an average person knowing all the relevant facts of a case might reasonably question a judge's impartiality." *Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005). Where a judge finds that the facts do not warrant recusal, he has an obligation not to recuse. *See S.W. Bell Tel. Co.*, 153 F.3d at 523.

## III. DISCUSSION

As a general proposition, Ms. Boyd's motion is vague and consists mainly of her own self-serving perspective and subjective conclusions. As best I can decipher, however, Ms. Boyd seeks recusal because: (1) I held her in contempt during a hearing on January 9, 2019; (2) she was removed from the CJA panel by order of Chief Judge Susan O. Hickey in September 2019; and (3) the length of time that the voucher has been pending is excessive. None of these reasons warrant recusal.

First, it is true that Ms. Boyd was held in contempt and sanctioned $100.00 for her conduct during a hearing on January 8, 2019, for her "repeated failure to obey the Court's directives, her repeated interruption of the Court's proceedings, and her blatant disrespect for the Court's authority . . . ." (Doc. 55, p. 3). *See also* Transcript from Hearing on January 8, 2019, Doc. 59, pp. 9–14, 31–32. Ms. Boyd paid the sanction on January 10, 2019. My

---

[1] 28 U.S.C. § 455(b) enumerates other more specific instances in which a judge should recuse, but Ms. Boyd does allege that any of those circumstances are present here.

3

finding of contempt was premised on Ms. Boyd's on-the-record conduct in open court. Ms. Boyd's recourse was an appeal, not a motion to recuse. For, it is well-settled black-letter law that "[a]dverse judicial rulings . . . 'almost never' constitute a valid basis for recusal; the proper recourse for a dissatisfied litigant is appeal." *See Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Moreover, if recusal were appropriate each time a court imposed sanctions, our judicial system would cease to function efficiently, for the obvious reason that a party (or in this case an attorney) could intentionally engage in contemptuous conduct for the purpose of then seeking recusal. *See Porous Media Corp. v. Pall Corp.*, 201 F.3d 1058, 1059 (8th Cir. 2000) (affirming the trial court's denial of a motion to recuse following the court's imposition of Rule 11 sanctions on an attorney).

Second, although it is true that Ms. Boyd was removed from the CJA panel on September 9, 2019, *see* Case No. 2:19-SM-0039, that removal was not a "punitive" action that I personally took against Ms. Boyd. It was an action taken by the Western District of Arkansas in accordance with its CJA plan. Specifically, the letter of explanation by the CJA Panel Committee stated the following reasons for her removal:

> Her actions in the [Smith] case resulted in Judge Brooks holding Ms. Boyd in contempt, for the reasons set out in the order of contempt (ECF Doc. 55). The recommendation for removal is also based on the fact that Ms. Boyd inappropriately contacted Judge Holmes in person at his private residence in an attempt to discuss the case then before Judge Brooks.

(Case No. 2:19-SM-0039, Doc. 1-1).

I did not vote in the CJA Panel Committee's decision to recommend Ms. Boyd's removal; but even if I had taken part in that vote, it would not serve as a valid basis for recusal. As the Supreme Court explained in *Liteky*:

4

> Judicial [action] critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do[es] not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

510 U.S. at 555. It likewise stands to reason that if a judicial district takes adverse action against an attorney, such action cannot serve as a basis for recusing a particular judge on a collateral matter.

I do not know Ms. Boyd personally, nor have I ever associated with her outside the context of the courtroom. The entirety of my actions in this case—and toward Ms. Boyd, specifically—have been predicated on judicially acquired knowledge and direct observations. Pursuant to its CJA Plan, the Western District of Arkansas may add or remove panel attorneys at its sole discretion. The fact that Ms. Boyd was removed from the panel following her representation of Mr. Smith in the instant case has no bearing on my review of her request for reimbursement of fees and expenses for the legal work she performed. I presided over Mr. Smith's case from start to finish, and I observed first-hand the tasks Ms. Boyd completed in representing her client, as well as the quality of her legal representation. I also presided over the cases of eight related defendants, and I reviewed all of the panel attorney vouchers that were submitted in those cases. Accordingly, I am in a unique position to evaluate Ms. Boyd's work in Mr. Smith's case.

Ms. Boyd's third and final argument is that my recusal is appropriate due to the length of time I have spent considering her CJA voucher. She first filed the voucher on June 24, 2019. She then submitted correspondence to the Court concerning the voucher in September and October 2019, and in doing so, changed her position with regard to her request for excess fee compensation. Within the last two weeks, Ms. Boyd filed the

instant motion to recuse followed by an amended motion. The amount of compensation Ms. Boyd requests in her voucher is the highest I have ever received or considered. For that reason, a undertook a thorough review and invested a significant amount of time. I am not aware of any requirement that excess fee vouchers should take precedence over other motions and matters pending on the Court's busy docket.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Mosemarie Boyd's Motion for Recusal of Judge from Review of CJA Form 20 (Doc. 91) is **MOOT** and her Amended Motion for Recusal and Motion to Seal (Doc. 92) is **DENIED**.

**IT IS SO ORDERED** on this 6th day of November, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE